1  PILLSBURY WINTHROP SHAW PITTMAN LLP
    KIRKE M. HASSON (SBN 61446)
2  kirke.hasson@pillsburylaw.com
    COLIN T. KEMP (SBN 215408)
3  colin.kemp@pillsburylaw.com
    50 Fremont Street
4  Post Office Box 7880
    San Francisco, CA  94120-7880
5  Telephone:   (415) 983-1000
    Facsimile:    (415) 983-1200
6

7  PILLSBURY WINTHROP SHAW PITTMAN LLP
    CARRIE L. BONNINGTON (SBN 227570)
    carrie.bonnington@pillsburylaw.com
8  2600 Capitol Avenue, Suite 300
    Sacramento, CA 95816-5930
9  Telephone:   (916) 329-4700
    Facsimile:    (916) 441-3583
10

    Attorneys for Defendant
11  BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,
    erroneously sued as BRIDGESTONE AMERICAS, INC.
12

13             UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17  SONY COMPUTER ENTERTAINMENT  )  Case No. 3:12-cv-04753-CRB
    AMERICA LLC, a Delaware limited liability )
18  company,                         )  ANSWER OF BRIDGESTONE
                                  )  AMERICAS TIRE OPERATIONS,
19                Plaintiff,  )  LLC, ERRONEOUSLY SUED AS
                                  )  BRIDGESTONE AMERICAS, INC.
20      vs.                           )
                                  )  DEMAND FOR JURY TRIAL
21  BRIDGESTONE AMERICAS, INC.; a      )
    Nevada corporation; WILDCAT CREEK,   )  District Judge Charles R. Breyer
22  INC., a California corporation; and DOES 1  )  Courtroom 8
    through 10,                      )
23                                  )  E-FILING
                     Defendants.  )
24  _____)

25        Defendant BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, erroneously

26  sued as BRIDGESTONE AMERICAS, INC. ("Bridgestone") answers the "Complaint for

27  Injunctive Relief and Damages Based on Violations of the Lanham Act (15 U.S.C.

28  § 1125(a)); Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); Common Law

1    Unfair Competition; Common Law Misappropriation; Breach of Contract; and Tortious

2    Interference with Contractual Relations" (Dkt. Entry No. 1) (the "Complaint") of Plaintiff

3    SONY COMPUTER ENTERTAINMENT AMERICA LLC ("Plaintiff"), and admits,

4    denies and avers, as follows.

5                                   **FIRST DEFENSE**

6                         **(Response to Allegations in Complaint)**

7                              NATURE OF THE ACTION

8           1.      Bridgestone admits that Plaintiff claims that an actor has portrayed an

9    alleged fictional character, Kevin Butler ("Kevin Butler"), to promote Plaintiff's

10   PlayStation video game systems and related products.  Except as expressly admitted,

11   Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

12   allegations in paragraph 1 of the Complaint and, therefore, denies them.

13          2.      Bridgestone admits that the same actor appears to have portrayed "Kevin

14   Butler" in certain of Plaintiff's promotional materials, including commercials.  Except as

15   expressly admitted, Bridgestone lacks sufficient knowledge or information to form a belief as

16   to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies them.

17          3.      Bridgestone admits that, between approximately September 3, 2012 and

18   September 23, 2012, a commercial aired in connection with its "Game On!" tire promotion;

19   pursuant to the promotion, a customer could receive a $70 reward card or a Nintendo Wii

20   system upon the purchase of four select Bridgestone tires.  One of the actors who appeared

21   in the commercial as a Bridgestone engineer is Jerry Lambert, who Bridgestone is now

22   informed and believes has portrayed the "Kevin Butler" referred to in paragraphs 1 and 2,

23   above.  Bridgestone expressly denies that Plaintiff has any protectable property interest

24   whatsoever in any "Kevin Butler" character; that Bridgestone has violated the Lanham Act;

25   that Bridgestone engaged in unfair competition; that Bridgestone misappropriated

26   Plaintiff's property; or that Bridgestone tortiously interfered with any contractual relations.

27   Except as expressly admitted or otherwise stated, Bridgestone denies the allegations against

28   Bridgestone in paragraph 3 of the Complaint.

1    4.    Bridgestone denies the allegations in paragraph 4.

2                                     PARTIES

3    5.    Bridgestone lacks sufficient knowledge or information to form a belief as to

4    the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies them.

5    6.    Bridgestone admits that Bridgestone Americas, Inc., is incorporated in the

6    state of Nevada.  Except as expressly admitted, Bridgestone denies the allegations in

7    paragraph 6 of the Complaint

8    7.    Bridgestone lacks sufficient knowledge or information to form a belief as to

9    the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies them.

10    8.    Bridgestone lacks sufficient knowledge or information to form a belief as to

11    the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies them.

12                         JURISDICTION AND VENUE

13    9.    Bridgestone admits that Plaintiff purports to assert a claim arising under the

14    Lanham Act (15 U.S.C. § 1125(a)), and therefore this Court has jurisdiction over the

15    subject matter of this action, but only to the extent Plaintiff alleged proper claims for relief.

16    Except as expressly admitted, Bridgestone denies the allegations in paragraph 9 of the

17    Complaint.

18    10.    Bridgestone admits that personal jurisdiction over Bridgestone is proper, but

19    only to the extent Plaintiff alleged proper claims for relief.  Except as expressly admitted,

20    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

21    allegations in paragraph 10 of the Complaint and, therefore, denies them.

22    11.    Bridgestone admits that venue is proper in this judicial district, but only to

23    the extent Plaintiff alleged proper claims for relief.  Except as expressly admitted,

24    Bridgestone denies the allegations against Bridgestone in paragraph 11 of the Complaint.

25                         INTRADISTRICT ASSIGNMENT

26    12.    Bridgestone admits that assignment of an Intellectual Property Action on a

27    district-wide basis is proper under Local Rule 3-2(c).  Except as expressly admitted,

28    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

1    allegations in paragraph 12 of the Complaint and, therefore, denies them.

2                               GENERAL ALLEGATIONS

3                          SCEA and the PlayStation 3 System

4         13.     Bridgestone admits that Plaintiff claims to be known for its sales of home

5    entertainment products and claims to be highly regarded in the video game industry.

6    Bridgestone admits that Plaintiff contends that it sells the PlayStation 3 System ("PS3"),

7    which Bridgestone is informed and believes is a computer entertainment system featuring

8    hardware and firmware designed for the playing of video games, Blu-ray discs and DVD

9    movies.  Except as expressly admitted, Bridgestone lacks sufficient knowledge or

10   information to form a belief as to the truth of the allegations in paragraph 13 of the

11   Complaint and, therefore, denies them.

12        14.     Bridgestone admits that Plaintiff contends that it develops and publishes

13   video game software for the PS3.  Except as expressly admitted, Bridgestone lacks

14   sufficient knowledge or information to form a belief as to the truth of the allegations in

15   paragraph 14 of the Complaint and, therefore, denies them.

16        15.     Bridgestone admits that Plaintiff contends that the PS3 has enjoyed wide

17   success throughout the United States and the world and that Plaintiff alleges to have sold

18   numerous PS3s.  Except as expressly admitted, Bridgestone lacks sufficient knowledge or

19   information to form a belief as to the truth of the allegations in paragraph 15 of the

20   Complaint and, therefore, denies them.

21                               The Subject Agreement

22        16.     Bridgestone admits that, to the extent such an agreement exists, the

23   agreement speaks for itself; but to any extent the allegations in paragraph 16 are

24   inconsistent with or vary from the express or implied terms of the alleged agreement,

25   Bridgestone denies such allegations.  Except as expressly admitted, Bridgestone lacks

26   sufficient knowledge or information to form a belief as to the truth of the allegations in

27   paragraph 16 of the Complaint and, therefore, denies them.

28        17.     Bridgestone admits that, to the extent such an agreement exists, the agreement

1    (including any so-called "exclusivity clause" therein) speaks for itself; but to any extent the

2    allegations in paragraph 17 are inconsistent with or vary from the express or implied terms of

3    the alleged agreement, Bridgestone denies such allegations.  Except as expressly admitted,

4    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

5    allegations in paragraph 17 of the Complaint and, therefore, denies them.

6            18.       Bridgestone admits that, to the extent such an agreement exists, the

7    agreement speaks for itself; but to any extent the allegations in paragraph 18 are

8    inconsistent with or vary from the express or implied terms of the alleged agreement,

9    Bridgestone denies such allegations.  Except as expressly admitted, Bridgestone lacks

10   sufficient knowledge or information to form a belief as to the truth of the allegations in

11   paragraph 18 of the Complaint and, therefore, denies them.

12           19.       Bridgestone admits that, to the extent such an agreement exists, the

13   agreement speaks for itself; but to any extent the allegations in paragraph 19 are

14   inconsistent with or vary from the express or implied terms of the alleged agreement,

15   Bridgestone denies such allegations.  Except as expressly admitted, Bridgestone lacks

16   sufficient knowledge or information to form a belief as to the truth of the allegations in

17   paragraph 19 of the Complaint and, therefore, denies them.

18                            The "Kevin Butler" Character

19           [PLAINTIFF DID NOT NUMBER THE FIRST PARAGRAPH UNDER THIS

20   HEADING]  Bridgestone admits that it appears the same actor has portrayed "Kevin

21   Butler" in certain of Plaintiff's promotional materials.  The promotional materials speak for

22   themselves, and to the extent the allegations in this unnumbered paragraph are inconsistent

23   with or vary from the promotional materials themselves, Bridgestone denies such

24   allegations.  Except as expressly stated, Bridgestone lacks sufficient knowledge or

25   information to form a belief as to the truth of the allegations in this unnumbered paragraph

26   of the Complaint and, therefore, denies them.

27           20.       Bridgestone admits that it appears the same actor has portrayed "Kevin

28   Butler" in certain of Plaintiff's promotional materials.  The promotional materials speak for

1  themselves and to the extent the allegations in paragraph 20 are inconsistent with or vary

2  from the promotional materials themselves, Bridgestone denies such allegations.  Except as

3  expressly stated, Bridgestone lacks sufficient knowledge or information to form a belief as

4  to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies them.

5       21.     Bridgestone lacks sufficient knowledge or information to form a belief as to

6  the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies them.

7  <center>Defendants' Unlawful Conduct</center>

8       22.     Bridgestone admits that, between approximately September 3, 2012 and

9  September 23, 2012, a commercial aired in connection with its "Game On!" tire promotion;

10  pursuant to the promotion, a customer could receive a $70 reward card or a Nintendo Wii

11  system upon the purchase of four select Bridgestone tires.  Mr. Lambert is one of the actors

12  who appeared in the commercial as a Bridgestone engineer.  Bridgestone denies that "Kevin

13  Butler" appears in the Bridgestone commercial discussed herein and thus denies that he

14  speaks or does anything whatsoever in the commercial.  Except as expressly admitted or

15  otherwise stated, Bridgestone denies the allegations in paragraph 22 of the Complaint.

16       23.     Bridgestone denies the allegations in paragraph 23 of the Complaint.

17       24.     Bridgestone admits that Mr. Lambert has appeared as a Bridgestone engineer

18  in various Bridgestone commercials since approximately February 2012.  Except as

19  expressly admitted, Bridgestone denies the allegations in paragraph 24 of the Complaint.

20       25.     Bridgestone admits that it eventually became aware of the existence of an

21  agreement involving Plaintiff and Mr. Lambert.  Except as expressly admitted, Bridgestone

22  denies the allegations in paragraph 25 of the Complaint.

23       26.     Bridgestone denies the allegations in paragraph 26 of the Complaint.

24       27.     Bridgestone lacks sufficient knowledge or information to form a belief as to

25  the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies them.

26       28.     Bridgestone denies that "Kevin Butler" appears in any Bridgestone

27  commercial, and thus denies that he does anything whatsoever in any such commercial.

28  Furthermore, Bridgestone lacks sufficient knowledge or information to form a belief as to

1    the truth of the allegations in paragraph 28 of the Complaint and, therefore, denies them.

2        29.    Bridgestone denies the allegations against Bridgestone in paragraph 29 of

3    the Complaint.

4                            FIRST CLAIM FOR RELIEF

5                    (Violation of the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*)

6                            (Against Bridgestone)

7        30.    Bridgestone incorporates by reference paragraphs 1-29 above as if fully set

8    forth herein.

9        31.    Bridgestone lacks sufficient knowledge or information to form a belief as to

10   the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies them.

11       32.    Bridgestone lacks sufficient knowledge or information to form a belief as to

12   the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies them.

13       33.    Bridgestone denies the allegations in paragraph 33 of the Complaint.

14       34.    Bridgestone denies the allegations in paragraph 34 of the Complaint.

15       35.    Bridgestone lacks sufficient knowledge or information to form a belief as to

16   the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies them.

17       36.    Bridgestone denies the allegations in paragraph 36 of the Complaint.

18       37.    Bridgestone denies the allegations in paragraph 37 of the Complaint.

19                            SECOND CLAIM FOR RELIEF

20               (Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq.*)

21                            (Against Bridgestone)

22       38.    Bridgestone incorporates by reference its responses to the allegations

23   contained in paragraphs 1-37 of the Complaint as though fully set forth herein.

24       39.    Bridgestone denies the allegations in paragraph 39 of the Complaint.

25       40.    Bridgestone denies the allegations in paragraph 40 of the Complaint.

26       41.    Bridgestone denies the allegations in paragraph 41 of the Complaint.

27       42.    Bridgestone denies the allegations in paragraph 42 of the Complaint.

28

<div align="center">THIRD CLAIM FOR RELIEF</div>

<div align="center">(Common Law Unfair Competition)</div>

<div align="center">(Against Bridgestone)</div>

43.    Bridgestone incorporates by reference its responses to the allegations contained in paragraphs 1-42 of the Complaint as though fully set forth herein.

44.    Bridgestone denies the allegations in paragraph 44 of the Complaint.

45.    Bridgestone denies the allegations in paragraph 45 of the Complaint.

46.    Bridgestone denies the allegations in paragraph 46 of the Complaint.

47.    Bridgestone denies the allegations in paragraph 47 of the Complaint.

<div align="center">FOURTH CLAIM FOR RELIEF</div>

<div align="center">(Common Law Misappropriation)</div>

<div align="center">(Against Bridgestone)</div>

48.    Bridgestone incorporates by reference its responses to the allegations contained in paragraphs 1-47 of the Complaint as though fully set forth herein.

49.    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, therefore, denies them.

50.    Bridgestone denies the allegations in paragraph 50 of the Complaint.

51.    Bridgestone denies the allegations in paragraph 51 of the Complaint.

52.    Bridgestone denies the allegations in paragraph 52 of the Complaint.

53.    Bridgestone denies the allegations in paragraph 53 of the Complaint.

<div align="center">FIFTH CLAIM FOR RELIEF</div>

<div align="center">(Breach of Contract)</div>

<div align="center">(Against Wildcat Creek)</div>

54.    Bridgestone incorporates by reference its responses to the allegations contained in paragraphs 1-53 of the Complaint as though fully set forth herein.

55.    The fifth claim for relief is not brought against Bridgestone and, therefore, Bridgestone is not required to admit or deny the allegations in paragraph 55 of the Complaint.  To the extent the fifth claim for relief purports to be against Bridgestone,

1    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

2    allegations in paragraph 55 of the Complaint and, therefore, denies them.

3          56.    The fifth claim for relief is not brought against Bridgestone and, therefore,

4    Bridgestone is not required to admit or deny the allegations in paragraph 56 of the

5    Complaint.  To the extent the fifth claim for relief purports to be against Bridgestone,

6    Bridgestone lacks sufficient knowledge or information to form a belief as to the truth of the

7    allegations in paragraph 56 of the Complaint and, therefore, denies them.

8          57.    The fifth claim for relief is not brought against Bridgestone and, therefore,

9    Bridgestone is not required to admit or deny the allegations in paragraph 57 of the

10   Complaint.  To the extent the fifth claim for relief purports to be against Bridgestone, and

11   except as otherwise stated, Bridgestone lacks sufficient knowledge or information to form a

12   belief as to the truth of the allegations in paragraph 57 of the Complaint and, therefore,

13   denies them.

14         58.    The fifth claim for relief is not brought against Bridgestone and, therefore,

15   Bridgestone is not required to admit or deny the allegations in paragraph 58 of the

16   Complaint.  To the extent the fifth claim for relief purports to be against Bridgestone, and

17   except as otherwise stated, Bridgestone lacks sufficient knowledge or information to form a

18   belief as to the truth of the allegations in paragraph 58 of the Complaint and, therefore, denies

19   them.

20         59.    The fifth claim for relief is not brought against Bridgestone and, therefore,

21   Bridgestone is not required to admit or deny the allegations in paragraph 59 of the Complaint.

22   To the extent the fifth claim for relief purports to be against Bridgestone, and except as

23   otherwise stated, Bridgestone lacks sufficient knowledge or information to form a belief as to

24   the truth of the allegations in paragraph 59 of the Complaint and, therefore, denies them.

25         60.    The fifth claim for relief is not brought against Bridgestone and, therefore,

26   Bridgestone is not required to admit or deny the allegations in paragraph 60 of the Complaint.

27   Paragraph 60 contains legal conclusions that Bridgestone is not required to admit or deny.  To

28   the extent the fifth claim for relief purports to be against Bridgestone, and except as otherwise

1    stated, Bridgestone lacks sufficient knowledge or information to form a belief as to the truth

2    of the allegations in paragraph 60 of the Complaint and, therefore, denies them.

3        61.    The fifth claim for relief is not brought against Bridgestone and, therefore,

4    Bridgestone is not required to admit or deny the allegations in paragraph 61 of the Complaint.

5    To the extent the fifth claim for relief purports to be against Bridgestone, and except as

6    otherwise stated, Bridgestone lacks sufficient knowledge or information to form a belief as to

7    the truth of the allegations in paragraph 61 of the Complaint and, therefore, denies them.

8                    SIXTH CLAIM FOR RELIEF

9            (Tortious Interference with Contractual Relations)

10                    (Against Bridgestone)

11       62.    Bridgestone incorporates by reference its responses to the allegations

12   contained in paragraphs 1-61 of the Complaint as though fully set forth herein.

13       63.    Bridgestone lacks sufficient knowledge or information to form a belief as to

14   the truth of the allegations in paragraph 63 of the Complaint and, therefore, denies them.

15       64.    Bridgestone denies the allegations in paragraph 64 of the Complaint.

16       65.    Bridgestone denies the allegations in paragraph 65 of the Complaint.

17       66.    Bridgestone denies the allegations in paragraph 66 of the Complaint.

18       67.    Bridgestone denies the allegations in paragraph 67 of the Complaint.

19       68.    Bridgestone denies the allegations in paragraph 68 of the Complaint.

20                    REQUESTED RELIEF

21       Bridgestone denies that Plaintiff is entitled to any of its requested relief or any other

22   relief whatsoever.

23                    **SECOND DEFENSE**

24                    **(Failure to State a Claim)**

25       Plaintiff has failed to state a claim upon which relief can be granted.

26                    **THIRD DEFENSE**

27                    **(Laches)**

28       Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

**FOURTH DEFENSE**

**(Estoppel)**

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH DEFENSE**

**(Acquiescence)**

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of acquiescence.

**SIXTH DEFENSE**

**(Lack of Secondary Meaning)**

Each of Plaintiff's claims fail because Plaintiff's alleged unregistered mark has not acquired secondary meaning.

**SEVENTH DEFENSE**

**(No Confusion, Mistake or Deception)**

Each of Plaintiff's claims against Bridgestone fail because there is no likelihood of consumer confusion as a result of defendants' alleged conduct.

**EIGHTH DEFENSE**

**(Unclean Hands)**

Each of Plaintiff's claims is barred by the doctrine of unclean hands.

**NINTH DEFENSE**

**(Fair Use)**

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of fair use.

**TENTH DEFENSE**

**(No Injury Under Lanham Act)**

Plaintiff has not been, nor is likely to be, injured as defined under 15 U.S.C. section 1125(a)(1)(B), because it cannot show that there has been or will be any diversion of sales or any reduction in the goodwill associated with Plaintiff's PS3 product as a result of any conduct alleged in the Complaint.

1

## **ELEVENTH DEFENSE**

2

### **(No Mitigation of Damages)**

3       Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's failure to

4   mitigate damages.

5

## **TWELFTH DEFENSE**

6

### **(No Violation of Underlying Statute)**

7       Plaintiff's claims for unlawful business practices under California Business and

8   Professions Code sections 17200, *et seq.* are barred by the fact that there has been no

9   violation of an underlying statute or regulation or conduct that is otherwise wrongful.

10

## **THIRTEENTH DEFENSE**

11

### **(No Unfair Practices)**

12       Defendants' allegedly wrongful conduct was not unfair under California Business

13   and Professions Code sections 17200, *et seq.*

14

## **FOURTEENTH DEFENSE**

15

### **(No Injury Under Section 17200)**

16       Plaintiff has suffered no injury, as defined under California Business and Professions

17   Code sections 17200, *et seq.* as a result of Bridgestone's alleged acts or omissions.

18

## **FIFTEENTH DEFENSE**

19

### **(Lack of Causation)**

20       The Complaint is barred because any loss, injury, damage or detriment as alleged in

21   the Complaint resulted from the acts or omissions of Plaintiff and/or a third party and was

22   not due to any act or omission of defendants.

23

## **SIXTEENTH DEFENSE**

24

### **(Justification / Privilege)**

25       With respect to one or more of the purported claims, any of the acts alleged to have

26   been performed by defendants, if performed at all, were justified, privileged, proper, legal,

27   fair and not done in degradation of the rights or legal interests of Plaintiff.

28

**SEVENTEENTH DEFENSE**

**(Good Faith)**

Plaintiff's purported claims are barred, in whole or in part, because at all times relevant to this action, defendants acted in good faith and with a reasonable belief that its actions were lawful.

**EIGHTEENTH DEFENSE**

**(Acts Outside Scope of Agent's Authority)**

Any allegedly wrongful acts performed by the agents of Bridgestone, if there were any, were made outside the course and scope of such agents' authority.  Accordingly, Plaintiff is barred from asserting any claim or relief against Bridgestone based on said allegedly wrongful acts.

**NINETEENTH DEFENSE**

**(Absence of Necessary Parties)**

The purported claims require, for their complete adjudication, the joining of additional, necessary or indispensable parties, without whom the purported claims cannot be fully, finally and completely resolved.

**TWENTIETH DEFENSE**

**(Attorneys' Fees Improper)**

Plaintiff is precluded from recovering attorneys' fees from Bridgestone under applicable provisions of law.

**TWENTY-FIRST DEFENSE**

**(No Profits or Ill-Gotten Gains)**

Damages in the form of profits is an improper remedy here to the extent Bridgestone has received no profits or other inappropriate gains as a direct result of the alleged conduct at issue.

**TWENTY-SECOND DEFENSE**

**(No Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because Bridgestone is not engaged in the

1    allegedly wrongful conduct alleged in the Complaint.

2                          **TWENTY-THIRD DEFENSE**

3                        **(Reservation of Additional Defenses)**

4            Bridgestone presently has insufficient knowledge and information on which to form

5    a belief as to whether there exists additional, as yet unstated, affirmative defenses.

6    Bridgestone reserves the right to assert additional affirmative defenses in the event that

7    discovery indicates that such defenses would be appropriate.

8            Dated:  October 4, 2012.

                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
9                                       KIRKE M. HASSON
                                        COLIN T. KEMP
10                                      50 Fremont Street, 5th Floor
                                        San Francisco, CA  94120-7880

11                                      PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        CARRIE L. BONNINGTON
12                                      2600 Capitol Avenue, Suite 300
                                        Sacramento, CA 95816-5930
13

14                                      By _____/s/ Colin T. Kemp_____
                                                   Colin T. Kemp
15                                      Attorneys for Defendant
                                        BRIDGESTONE AMERICAS TIRE
16                                      OPERATIONS, LLC, erroneously sued as
                                        BRIDGESTONE AMERICAS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>**DEMAND FOR JURY TRIAL**</u>

2   TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

3         Defendant <u>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC</u>, erroneously

4   sued as <u>BRIDGESTONE AMERICAS, INC.</u> hereby demands a trial by jury to decide all

5   issues so triable in Civil Action No. 3:12-cv-04753-CRB (N.D. Cal).

6         Dated:  October 4, 2012.

7                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          KIRKE M. HASSON
8                                         COLIN T. KEMP
                                          50 Fremont Street, 5th Floor
9                                         San Francisco, CA  94120-7880

10                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                          CARRIE L. BONNINGTON
11                                        2600 Capitol Avenue, Suite 300
                                          Sacramento, CA 95816-5930

12

13                                        By _____/s/ Colin T. Kemp_____
                                                    Colin T. Kemp
14                                        Attorneys for Defendant
                                          BRIDGESTONE AMERICAS TIRE
15                                        OPERATIONS, LLC, erroneously sued as
                                          BRIDGESTONE AMERICAS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">CERTIFICATE OF SERVICE</div>

I, Colin T. Kemp, the undersigned, hereby declare as follows:

1.  I am over the age of 18 years and am not a party to the within cause.  I am employed

by Pillsbury Winthrop Shaw Pittman LLP in the City and County of San Francisco, California.

2.  My business address is 50 Fremont Street, San Francisco, CA 94105.

3.  On October 4, 2012, I filed the foregoing documents titled ANSWER OF

BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, ERRONEOUSLY SUED AS

BRIDGESTONE AMERICAS, INC.; DEMAND FOR JURY TRIAL electronically with the

United States District Court, Northern District of California, and because of that the below-listed

party should have been served via the Court's electronic case filing system at the email

addresses listed below:

KILPATRICK TOWNSEND & STOCKTON LLP
JAMES G. GILLILAND, JR. (SBN 107988)
jgilliland@kilpatricktownsend.com
TIMOTHY R. CAHN (SBN 162136)
tcahn@kilpatricktownsend.com
HOLLY GAUDREAU (SBN 209114
hgaudreau@kilpatricktownsend.com
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Telephone:     (415) 576-0200
Facsimile:     (415) 576-0300
Attorneys for Plaintiff SONY COMPUTER ENTERTAINMENT AMERICA LLC

I declare under penalty of perjury of the laws of the United States of America that the

foregoing declaration is true and correct.

Executed October 4, 2012, at San Francisco, California.

<div align="center">//s//  Colin T. Kemp</div>
_____